UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ZIOMBER,

    Plaintiff,

v.                                            CASE NO. 10-10355
                                            DISTRICT JUDGE MARK A. GOLDSMITH
                                            MAGISTRATE JUDGE DONALD A. SCHEER

NATIONAL ASSOCIATION OF
LETTER CARRIERS, and
PATRICK CARROLL

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be GRANTED, as Plaintiff has failed to state a claim upon which relief can be granted.

\* \* \*

This matter originally came before the magistrate judge on Order of Reference for all pretrial matters. Plaintiff, proceeding pro se, filed a Complaint with the 19th District Court in Dearborn Michigan on October 20, 2009, against the National Association of Letter Carriers Union (NALC), and Patrick Carroll, a business agent for NALC. Defendants subsequently removed the suit to this Court on January 26, 2010.

Plaintiff was hired as a letter carrier in Dearborn Heights, Michigan in 2006. He was required to serve a 90 day probationary period during which the Postal Service could terminate him without just cause. Plaintiff was terminated as a letter carrier by the Postal Service on November 7, 2006, within the three month probationary period. In a Notice of Termination, the Postal Service informed Plaintiff that he was being fired because he had

violated mail delivery procedures, failed to timely complete his route and had been insubordinate to supervisors (See Notice of Termination, attached as Exhibit A to Defendants' Motion for Summary Judgment).

The NALC filed three grievances on Plaintiff's behalf challenging his termination. The grievances were denied administratively, and upheld on appeal by an arbitrator. In a ruling dated October 19, 2007, the arbitrator found that, since Plaintiff's termination had occurred during the 90 day probationary period, the Postal Service had the right to fire him even without just cause (See affidavit of James Wolstencroft, attached as Exhibit C of Defendants' Motion for Summary Judgment).

Plaintiff filed an unfair labor practice with the National Labor Relations Board on January 11, 2008, alleging that the NALC had breached it's duty of fair representation in the handling of his discharge grievances. The National Labor Relations Board dismissed the unfair labor charge in March 2008. Plaintiff then waited until October 20, 2009, to file the instant action alleging that the NALC had not properly represented him during the grievance procedure against the Postal Service (See paragraphs 2,5,7-8 of Complaint). Plaintiff subsequently moved to amend his Complaint on February 3, 2010, repeating his previous allegations, but providing additional details.

Defendants filed a Motion for Summary Judgment on March 9, 2010, arguing that Plaintiff's claim for breach of the union's duty of fair representation was barred by the six month statute of limitations. Plaintiff filed a response to Defendants' Motion for Summary Judgment on July 9, 2010, acknowledging that the statute of limitations had expired. Plaintiff maintained, however, that the statute of limitations should be equitably tolled for a variety of reasons.

STATUTE OF LIMITATIONS

When seeking damages against a labor union for breach of its duty of fair representation, there is a six month statute of limitations. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 171 (1983). Plaintiff knew by December 2007, that the NALC would not represent him if he sought to further appeal his grievances against the Postal Service. In a letter to Defendant Carroll, attached as "Evidence A" to his Motion to Amend his Complaint, Plaintiff states that Carroll contacted him on December 20, 2007, to inform him of the union's decision to stop representing him following the arbitrator's decision upholding his dismissal by the Postal Service (See Exhibit A of Proposed Amended Complaint at Docket #5). Since Plaintiff did not file suit until October 2009, his claim is time-barred.

In his Reply to Defendant's Motion for Summary Judgment, Plaintiff does not dispute that he knew by December 2007, that the NALC would no longer represent him in his attempt to get his job back with the Postal Service. He contends that the statute of limitations should be equitably tolled because the NALC had "deceived" him and engaged in "fraud" (See pp 4-5, 7-8 of Reply to Defendants' Motion for Summary Judgment).

Equitable estoppel precludes a defendant's assertion of a statute of limitations defense only when the defendant took active steps to prevent plaintiff from suing in a timely fashion, such as hiding evidence or promising not to plead the statute of limitations. Price v. Annuity Investors Life Insurance Co., 244 Fed. Appx. 654, 659-660 (6th Cir. 2007). Equitable estoppel also tolls the statute of limitations when the plaintiff relied on defendant's conduct in failing to sue within the limitations period. Bridgeport Music Inc., v. Diamond Time, Ltd., 371 F.3d 883, 891 (6th Cir. 2004).

I am satisfied that the alleged deception or fraud by the NALC cannot be deemed to have tolled the statute of limitations because: (1) Plaintiff provides no evidence that the union took an active step in preventing him from suing; and (2) Plaintiff does not allege that he relied on any conduct by the NALC in failing to sue prior to the expiration of the statute of limitations. Despite ample opportunity to engage in discovery, Plaintiff has not submitted any affidavits, deposition testimony or other evidence to support his allegations of fraud. Moreover, Plaintiff fails to reference any deceptive practice on the part of the NALC that occurred after he became aware that the union would no longer represent him. Thus, there is no basis to conclude that the NALC did anything to induce Plaintiff not to sue between the time his claim arose and the expiration of the statute of limitations.

Contrary to Plaintiff's assertion, his filing of an unfair labor practice with the National Labor Relations Board did not toll the statute of limitations. See Adkins v. Int'l Union of Elec., Radio & Mach. Workers, 769 F.2d 330, 335 (6th Cir. 1985)("an unfair representation claim is wholly independent of any unfair labor practice before the NLRB... An NLRB filing, therefore, does not toll or prevent the accrual of an unfair representation claim."). Similarly, Plaintiff's filing of a lawsuit against the Postal Service in November 2008, challenging his termination, did not toll the statute of limitations[1]. To the contrary, Plaintiff's prior lawsuit against the Postal Service demonstrates that he affirmatively chose not to pursue an action against the union within the limitations period. Consequently, any claims against the NALC

---

[1] Plaintiff filed suit in this Court on November 7, 2008, challenging his termination (Case Number 08-14729). The Court granted the Postal Service's Motion to Dismiss on December 8, 2009.

and its business agent, Patrick Carroll, are barred by the 6 month statute of limitations. Defendant's Motion for Summary Judgment should be granted.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within fourteen (14) days after they are served with a copy, or further appeal from Judge Battani's acceptance thereof is waived.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: September 22, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 22, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 22, 2010: **Michael Ziomber.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217